IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>CARLOS RIVERA-MALDONADO<br>Defendant | CRIMINAL 06-0128CCC |

# O R D E R

Before the Court are the Objections to the Pre-Sentence Investigation Report filed by defendant Carlos Rivera-Maldonado on November 30, 2006 (**docket entry 29**), to which the United States has not responded. Defendant disputes the application of a four-level upward adjustment under U.S.S.G. §2G2.2(b)(4) based on the offense involving material that portrays sadistic or masochistic conduct or other depictions of violence, claiming that the facts on which it is grounded were not established by a jury verdict, admitted by him, or supported by evidence presented to the Court, but only "rest in the individual perception of a probation officer who is neither the prosecuting authority nor the adjudicating authority." Objections (docket entry 29), at p. 4. On December 7, 2006, and as a result of defendant's objection, the Court ordered the U.S. Probation Officer to identify to the parties the still images and/or videos which led her to apply §2G2.2(b)(4), and the United States to produce those images/videos to the Court for an in-camera inspection (docket entry 30). The relevant images were produced and identified to the Court by ICE Special Agent Héctor Feliciano and ICE Task Force Agent Marieli Torres on January 11, 2007 (see docket entry 32). After viewing the material submitted by the agents, we find that the adjustment under §2G2.2(b)(4) was properly applied in this case.

Section 2G2.2(b)(4) requires a four-level increase to the offense level if the material "portrays sadistic or masochistic conduct or other depictions of violence." It is firmly established that any image that shows (1) a young child and (2) portrays vaginal or anal penetration warrants this enhancement. See United States v. Hall, 312 F.3d 1250, 1262-63 (11th Cir.2002). See also United States v. Díaz, 368 F.3d 991, 992 (8th Cir.2004) (images involving the sexual

penetration of a minor girl by an adult male and images of an adult male performing anal sex on a minor girl or boy are per se sadistic or violent within the meaning of the child pornography guidelines); United States v. Rearden, 349 F.3d 608, 615-16 (9th Cir.2003) (holding that images of prepubescent children being penetrated by adult males portrayed sadistic conduct because "the adult males in the photographs must have experienced some sexual excitement" and done something that "necessarily hurt the child"), cert. denied, 543 U.S. 822, 125 S.Ct. 32, 160 L.Ed.2d 32 (2004); United States v. Delmarle, 99 F.3d 80, 83 (2d Cir.1996) (not error for district court to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the meaning of the child pornography guidelines). Several of the videos possessed by defendant and viewed by the Court show adult males anally penetrating young boys (e.g. PRETEEN-KDV-RBV-R@gold-PJK-GAY-BOY=zadoom pedo boy 8yr-Man fuck little boy Part1.mpg; Boy Kiddy Pedo Kdv 05-Rbv 005_NOBULL_2 cheerful healthy rus kids close to 13yo perfect skin_oral, anal 10.40 mpg) as well as an adult male vaginally penetrating a young girl (i.e. (PTHC) BEST! HARD 7yo child abusive sex-PORN.mpg), and at least one video shows a minor girl in bondage being sexually stimulated by an adult (i.e. Dannish underage kids anal oral cock suckers boys gay pedo kiddy R@ygold-PJK 21.mpg). Thus, defendant's objection to the application of section 2G2.2(b)(4) is OVERRULED.

Defendant has also challenged the Probation Officer's failure to indicate in the PSR that defendant may be eligible for a downward departure under U.S.S.G. §5H1.4 based on "all the medical evidence as well as the undisputed mental and psychological history..." Objections (docket entry 29), at p. 4. Under §5H1.4, only "an extraordinary physical impairment may be a reason to depart downward." U.S.S.G. §5H1.3, in turn, specifically states that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted," except as provided in U.S.S.G. §5K2.0, i.e. when they are present to an exceptional degree. Defendant, however, has not submitted to us the medical evidence that he allegedly provided to the Probation Officer and which he claims would support a downward departure. The medical information included in the PSR certainly does not establish that he has an extraordinary physical impairment

or suffers from exceptional mental and emotional conditions.  Accordingly, the Probation Officer did not err when she failed to identify a basis for departure in this case under U.S.S.G. §5H1.4, and defendant's objection to her decision is also OVERRULED.

      SO ORDERED.

      At San Juan, Puerto Rico, on January 12, 2007.

                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge